IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **MORGAN A. ROBERTS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-315-MHL |
| ) | |
| **BERKLE WELDING & FABRICATION, INC.,** ) | |
| d/b/a, Berkle Contracting, Inc., ) | |
| ) | |
| **Serve: Ms. Darlene W. Berkle** ) | |
| Registered Agent ) | |
| 2501 Shady Oaks Trail ) | |
| Maidens, VA 23102 ) | |
| (County of Goochland) ) | |
| ) | |
| Defendant. ) | |

## Complaint

Plaintiff Morgan A. Roberts ("Roberts"), by counsel, states the following Complaint against Berkle Welding & Fabrication, Inc., d/b/a, Berkle Contracting, Inc. ("Berkle").

1. Berkle willfully failed and refused to pay Roberts the compensation to which he was due because of the hours that Roberts worked in the employ of Berkle, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and in violation of the employment contract between Berkle and Roberts.

2. This Court has jurisdiction of this action because Roberts' claim under the FLSA presents a federal question pursuant to 28 U.S.C. § 1331; and pursuant to 28 U.S.C. § 1367,

- 1 -

Roberts' claim under Virginia law is so related to the FLSA claim that it forms a part of the same case or controversy under Article III of the United States Constitution.

3. This Court is a proper venue for this action because, *inter alia,* Berkle's principal place of business and registered agent are located within the geographical boundaries of the Richmond Division of the United States District Court for the Eastern District of Virginia.

4. Roberts is an adult male resident of the County of Caroline, Virginia.

5. Berkle is a Virginia corporation engaged in interstate commerce with its principal place of business located at 1146 Tricounty Drive, Suite B, Oilville, Virginia, 23129, within the County of Goochland, Virginia.

6. Berkle's Registered Agent is Darlene W. Berkle, whose Registered Office is located at 2501 Shady Oaks trail, Maidens, Virginia, 23102, within the County of Goochland, Virginia.

7. Throughout Roberts' employment with Berkle, and continuing to the present time, Berkle was an employer and an enterprise subject to the minimum wage and overtime requirements of the FLSA.

8. Throughout Roberts' employment with Berkle, and continuing to the present time, Berkle has had actual knowledge of its coverage under and its obligations under the FLSA,

including without limitation the obligation to pay employees of Berkle such as Roberts no less than the minimum wage and any applicable overtime compensation, pursuant to §§ 6 and 7 of the FLSA.

9. Berkle hired Roberts on or before October 17, 2016.

10. Berkle hired Roberts to perform services as a welder.

11. Berkle agreed to pay Roberts $22.00 per hour for all hours that Roberts worked on what were considered standard welding jobs and $27 per hour for all hours that Roberts worked on aluminum welding jobs.

12. Berkle required Roberts to take welding certification tests as a term and condition of his hire and of his employment.

13. Berkle required Roberts to take welding certification tests as a term and condition of his hire and of his employment so that Berkle could provide the services of Roberts, as Berkle's employee, to customers of Berkle.

14. The welding certification tests that Roberts took were for the benefit of his employer, Berkle.

15. Throughout Roberts' employment with Berkle, Berkle's work week for purposes of compliance with the FLSA began at 12:01 a.m. each Monday morning and ended at 12 Midnight the following Sunday.

16.     During the work week ending at Midnight on Sunday, January 15, 2017, Roberts worked 44.5 hours in the employ of Berkle.

17.     Roberts was performing aluminum welding work during the work week ending January 15, 2017, and therefore his regular hourly rate was $27 and his overtime rate was $40.50.

18.     During the work week ending at Midnight on Sunday, January 22, 2017, Roberts worked 16 hours in the employ of Berkle.

19.     Roberts was performing standard welding work during the work week ending January 22, 2017, and therefore his regular hourly rate was $22.

20.     Berkle withheld Roberts' paychecks for the two work weeks ending January 15 and January 22, 2017.

21.     Berkle paid Roberts zero dollars for the two work weeks ending January 15 and January 22, 2017.

22.     Pursuant to the FLSA, Roberts was entitled to no less than payment from Berkle of the minimum wage and applicable overtime compensation for the work weeks ending January 15 and January 22, 2017; such gross payment required pursuant to the FLSA was no less than $454.96.

23.     Pursuant to their employment contract, which provided for compensation at the hourly rate of $22 or $27, Roberts was entitled to no less than payment from Berkle at his proper

hourly rate for the 60.5 hours that he worked during the work weeks ending January 15 and January 22, 2017; such gross payment required pursuant to the parties' employment contract was $1,614.25.

24. Pursuant to the FLSA, in addition to his unpaid minimum and applicable overtime wages, liquidated damages are due to Roberts.

## Causes of Action

### Count 1: FLSA: Unpaid Wages

25. Berkle willfully failed to pay Roberts all minimum wages and overtime compensation due Roberts because of Roberts compensable hours worked during the work weeks ending January 15 and January 22, 2017.

### Count 2: Virginia Law: Breach of Contract

26. In breach of contract, Berkle failed to pay Roberts compensation due Roberts in the gross amount of $1,614.25, pursuant to the employment contract between Berkle and Roberts.

### Prayer for Relief

**WHEREFORE**, Roberts asks that this Court enter Judgment in his favor against Berkle, awarding him total damages, not including interest, costs, and attorney's fees, in an amount not less than $1,614.25, as follows:

### Pursuant to the FLSA - Count 1

27. His unpaid wages due in the total gross amount of $454.96;

28. Liquidated damages in the equal additional amount of $454.96;

29. Pre- and post-judgment interest at the legal rate;

30. His costs and attorney's fees incurred, including all legal expenses; and

31. Such other and further relief as is proper;

### Pursuant to Virginia Law - Count 2

32. His unpaid wages in the amount of $1,614.25;

33. Pre-judgment interest from January 27, 2017, at the legal rate;

34. Post-judgment interest at the legal rate;

35. His costs of the action; and

36. Such other and further relief as is proper.

Dated this 24th day of April, 2017.

Respectfully submitted,

MORGAN A. ROBERTS

By: _____
        Counsel

David R. Simonsen, Jr. (VSB #20078)
Vickey A. Verwey (VSB #20267)
8003 Franklin Farms Drive, Suite 131
Richmond, Virginia 23229-5107
Tel: (804) 285-1337
Fax: (804) 285-1350
Email: DSimonsenJ@aol.com

*Counsel for Plaintiff*