**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MORGAN A. ROBERTS,**

**Plaintiff,**

**v.** **Civil Action No. 3:17cv315**

**BERKLE WELDING & FABRICATING,**
**INC., d/b/a BERKLE CONTRACTING, INC.**

**Defendant.**

# MEMORANDUM OPINION

This matter comes before the Court on Berkle Welding & Fabrication, Inc., d/b/a Berkle Contracting Inc.'s ("Berkle") Amended Motion to Dismiss (the "Motion to Dismiss") pursuant to Rules 12(b)(1)[1] and 12(b)(6)[2] of the Federal Rules of Civil Procedure. (ECF No. 14.) On December 12, 2017, Plaintiff Morgan Roberts responded. (ECF No. 17.) Berkle did not reply and the time to do so has expired.

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The

[1] "[A] party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[2] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331[3] and 1367.[4] For the reasons that follow, the Court will deny the Motion to Dismiss.

## I. Factual and Procedural Background[5]

Roberts brings this action against Berkle seeking unpaid wages, liquidated damages, interest, and costs and attorneys' fees under the FLSA. Roberts also claims breach of an employment contract[6] (the "Contract") between Berkle and Roberts. As damages for his breach of contract claim, Roberts seeks unpaid wages, interest, and costs.

On October 17, 2016, Roberts accepted employment with Berkle to perform services as a welder. At all relevant times, according to Roberts, Berkle was an employer subject to and with knowledge of the minimum wage and overtime requirements of the FLSA. Per the Contract, Berkle agreed to pay Roberts $22 per hour for all standard welding jobs and $27 per hour for all aluminum welding jobs. Additionally, "Berkle required Roberts to take welding certification tests as a term and condition for his hire and of his employment." (Compl. ¶ 12, ECF No. 1.) Roberts took the welding certification tests.

During the work week ending on January 15, 2017, Roberts worked a total of 44.5 hours at the aluminum welding rate of $27 per hour and at the overtime rate of $40.50 per hour. The

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Roberts's Complaint alleges violations of the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.*

[4] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Roberts's Complaint also alleges violations of Virginia contract law.

[5] For purposes of the Motion to Dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Roberts. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[6] Berkle does not attach the Contract to his Complaint.

following week, ending on January 22, 2017, Roberts worked sixteen (16) hours at the standard welding rate of $22 per hour. Roberts claims that Berkle withheld both of Roberts's paychecks for these two work weeks.

Because Berkle withheld two weeks' paychecks, Roberts received no compensation for the 60.5 hours of work he completed during the weeks ending on January 15, 2017, and January 22, 2017. Roberts alleges that Berkle owes him $1,614.25 pursuant to the Contract, and $454.96 pursuant to the FLSA minimum wage and applicable overtime standards.

Count 1 of the Complaint alleges that Berkle willfully failed to pay Roberts all minimum and overtime compensation due to him under the FLSA during the workweeks ending on January 15, 2017, and January 22, 2017. Count 2 alleges breach of contract under Virginia law for Berkle's failure to compensate Roberts for his work according to the terms of the Contract.

As compensation for the FLSA violations alleged in Count 1, Roberts seeks damages of $454.96 for his unpaid wages, liquidated damages of $454.96, interest, and costs and attorney's fees. As to Count 2, Roberts seeks damages of $1,614.25 in unpaid wages, interest, and costs.

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(1) Standard

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject-matter jurisdiction, the burden rests with the party asserting jurisdiction to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also, Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject-matter jurisdiction in two ways.

First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject-matter jurisdiction can lie.[7] *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

A Rule 12(b)(1) motion also may, as Berkle does here, challenge the existence of subject-matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, because a party challenges the court's "'very power to hear the case,'" the trial court is free to weigh evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Consideration of evidence outside of the pleadings on a 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted).

Regardless of whether the defendant brings a facial or factual challenge, the plaintiff bears the burden of proof to establish jurisdiction. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2008); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

**B. <u>Federal Rule of Civil Procedure 12(b)(6) Standard</u>**

In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Matkari*, 7 F.3d at 1134; *see also Republican Party of N.C. v. Martin*, 980 F.2d 943,

---

[7] In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under a Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

952 (4th Cir. 1992). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Martin*, 980 F.2d at 952 (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions." *Id.* (citations omitted). Instead, a plaintiff must assert plausible facts. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion

into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted).

## III. Analysis

### A. The Court Has Subject-Matter Jurisdiction Because the Earlier State Action Has Concluded

On April 24, 2017, Roberts filed the Complaint in this Court. Count 1 of the Complaint alleges FLSA violations. Because the FLSA is a federal statute, Count 1 presents a federal question over which the Court retains subject-matter jurisdiction pursuant to 28 U.S.C § 1331. Count 2 alleges breach of contract under Virginia law. The Court has supplemental jurisdiction over Count 2 pursuant to 28 U.S.C. § 1367, which grants the Court jurisdiction over claims so related to the federal question claim that it forms a part of the same case or controversy. *See* 28 U.S.C. § 1367.

Berkle challenges subject-matter jurisdiction in fact, arguing that the Court lacks subject-matter jurisdiction because a parallel, pending state action existed at the time Roberts filed the Complaint. Berkle contends that on March 10, 2017, Roberts filed an action in the Henrico County Circuit Court (the "Henrico Court") alleging: (1) unpaid wages under the FLSA; and, (2) breach of contract. On April 24, 2017, more than one month later, Roberts filed the Complaint in this Court. Four days later, on April 28, 2017, Roberts moved to nonsuit the state court action, and on May 2, 2017, the Henrico Court granted the motion pursuant to Virginia Code § 8.01-380.[8]

The Court must consider whether the previously filed state court action affects the viability of the subsequent federal action premised on the same transaction and occurrence and

[8] Section 8.01-380 governs dismissals of actions by nonsuit, including fees and costs. Va. Code. § 8.01-380.

presenting the same legal claims.[9] *See Colorado River Water Conservation District v. United States*, 442 U.S. 800, 817 (1976). If the earlier state action has concluded, the Court may be bound by *res judicata*. *Id.* If the previously-filed state action remains pending, the Court may find abstention necessary to maintain federal-state comity. *Id.* "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing *New Orleans Pub. Serv., Inc. v. Council*, 491 U.S. 350, 373 (1989)). For the reasons stated below, the Court has subject-matter jurisdiction in this federal case that follows a concluded state court matter.

Roberts nonsuited before the Henrico Court made any substantive findings in the case, so no prior final judgment exists that might bind this Court under the doctrine of *res judicata*. Because the action filed in Henrico has concluded (and had concluded even before Berkle filed its original Motion to Dismiss), no parallel pending state action exists that might otherwise require the Court to engage in an abstention analysis. *See Colorado River*, 442 U.S. at 817.

The Court therefore finds that the now-terminated state court action filed in Henrico Court does not deprive this Court of jurisdiction over Roberts's claims. The Court will deny Berkle's 12(b)(1) motion to dismiss.

### B. Roberts Plausibly States a Claim for Relief for FLSA Violations and a Claim for Breach of Contract

Having found that it has jurisdiction, the Court turns to Berkle's 12(b)(6) argument. The Motion to Dismiss presents only one ground for dismissal pursuant to 12(b)(6): that Roberts failed to attach a copy of the Contract, purportedly in violation of the Rules of the Supreme Court of Virginia. But Berkle fails to explain the relevance of the Rules of the Supreme Court of

[9] Roberts does not contest the characterization of the state and federal actions as premised on the same transaction and presenting the same legal claims. Based on the basis for the Court's holding, the Court need not compare the actions.

Virginia (and does not cite to any state court cases interpreting them) to this federal case. State procedural rules do not govern practice in federal court.[10]

Berkle attaches a one-page document (the "Document"), (ECF No. 14-1), and claims, without elaboration, that the Document "is a complete bar to [Roberts's] case." (Mot. Dismiss ¶ 24, ECF No. 14.) Berkle cites to no legal principle that would allow the Court to consider such a document at this stage of the litigation. When the Court considers "matters outside the pleadings" on a motion to dismiss under Rule 12(b)(6), the Court must generally treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Exceptions exist: "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn*, 164 F. App'x at 396–97 (citations omitted).

Although Berkle does *not* argue that the Document is integral to the Complaint, Roberts's Response argues against such a position. Specifically, Roberts claims the Document is not integral to the Complaint and that the Document does not constitute the entirety of the contractual agreement between Roberts and Berkle. Roberts argues that "[t]he Document is unnecessary for Roberts's claims for unpaid compensation under either federal or state law; Roberts is not relying on the Document as part of his affirmative case; the Document is not integral to his affirmative case." (Resp. 2–3, ECF No. 17.)

As Roberts indicates, the Document "says nothing about the FLSA or Roberts's hourly rates of pay." (Resp. 2.) Although Berkle refers to the Document as "the contract," the

[10] Even were the Court to consider Roberts's failure to attach a contract, settled federal law provides that the failure to attach a contract to a complaint alleging breach of contract does not constitute a fatal flaw. *See Koken v. Aon Risk Servs.*, No. 3:05cv522, WL 90068, at *7 (E.D. Va. Jan. 13, 2006) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *see also, GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997)).

Document itself lacks such language. Also, nothing suggests that the Document—even if authentic, as Roberts concedes—encompasses the entirety of the employment agreement between Roberts and Berkle. The absence of essential contract elements that the Complaint addresses, such as hourly rates, demonstrates that the Document does not contain all material aspects of the Contract here contested. The Court cannot find that the Document constitutes the Contract Roberts refers to throughout his Complaint. No exception to the general directive barring consideration of the Document for the Motion to Dismiss seems evident, either. Nothing identifies the Document as a public record, one central to Roberts's claim, or necessarily the Contract referred to in the Complaint. *See Witthohn*, 164 F. App'x at 396–97 (citations omitted). The Court cannot consider the Document at this early stage because no basis exists to find the Document integral to the Complaint.[11]

Instead, the Court concludes that Roberts plausibly describes his employment contract and plainly alleges that Berkle breached the compensation provisions. By plausibly alleging his hourly rate, the number of hours he worked during the two challenged weeks in January 2017, and that Berkle withheld the two paychecks related to the work Roberts completed during those two weeks in violation of the Contract, Roberts's claims readily survive the Motion to Dismiss. A plaintiff need not prove his or her case at the pleading stage. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Roberts alleges sufficient facts to raise the plausibility of liability above a speculative level.[12] *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The Court will deny Berkle's 12(b)(6) motion to dismiss.

---

[11] Berkle eschewed any opportunity to argue otherwise when it failed to file a reply to Roberts's Response.

[12] To the extent Berkle argues that it justifiably withheld Roberts's payment based upon other provisions of the Contract not referenced in the Complaint, such argument constitutes an affirmative defense unsuitable to consider under a 12(b)(6) challenge.

## IV. Conclusion

For the foregoing reasons, the Court will deny the Motion to Dismiss. (ECF No. 14).

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/31/18
Richmond, Virginia